**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **THEODORE I. WEITZ,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MASSACHUSETTS DEPARTMENT OF REVENUE, et al.,**<br><br>**Defendants.** | **Civil Action No. 26-14518-BEM** |

**MEMORANDUM AND ORDER**

**MURPHY, J.**

On October 5, 2026, Plaintiff Theodore I. Weitz, domiciled in Thailand and proceeding *pro se*, filed a complaint against Defendants the Massachusetts Department of Revenue ("DOR") and Michael F. Kitterick, a DOR problem resolution officer. Dkt. 1 ("Complaint" or "Compl."). Plaintiff also filed a motion for leave to proceed *in forma pauperis*, Dkt. 2 and a motion for temporary restraining order, Dkt. 3.

For the reasons set forth below, the Court will grant the motion for leave to proceed *in forma pauperis*, deny as moot the motion for temporary restraining order, and dismiss this action based on principles of abstention.

## I. Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Plaintiff's motion for leave to proceed *in forma pauperis*, the Court concludes that he has shown he is unable to pay the $405 filing fee. Accordingly, the Court will grant the motion.

## II. The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. 1983 claiming a violation of his right to due process based upon alleged arrears arising from a child support action in Norfolk Probate and Family Court. *See generally* Compl. Defendants, as described in the Complaint, are (1) the Massachusetts Department of Revenue ("DOR") and Michael F. Kitterick, a problem resolution officer employed by the DOR's Child Support Services division. *Id.* at 3–4. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for the alleged violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution. *Id.* at 3. He alleges that the Social Security Administration has been garnishing funds from his social security benefits for child support pursuant to court order. *Id.* at 4. He alleges that on April 4, 2025, the Norfolk Probate and Family Court (Allen, J.) entered a Judgment of Modification setting [child support payments]." *Id.* at 6. Plaintiff states that the "judgment is currently under appeal before the Massachusetts Appeals Court, Docket No. 2026-P-0269." *Id.*

Plaintiff further alleges that in addition to the social security garnishment, he has made "voluntary child support payments directly to the custodial parent prior to any court order; that he had overpaid the December 2019 payment by $1,971 (sending $4,281 when $770 x 3 weeks was owed); and that he had established a fixed automatic weekly bank transfer of $770 through DOR that executed without fail." *Id.* at 5. Plaintiff alleges that the DOR failed "to accurately account for Plaintiff's payments" and that the "DOR's system show a fictitious arrearage of $2,540, negotiated under threat of contempt to $258.72, at a legal cost to Plaintiff of approximately $5,000 to $10,000." *Id.* Plaintiff alleges that the DOR "records were never corrected" and that "delinquency notices continued." *Id.* at 6. Because of the alleged uncorrected delinquency, Plaintiff states that the "DOR certified those same defective records to the State Department and

revoked Plaintiff's passport." *Id.* Plaintiff alleges that the "certified arrears figure that forms the basis of the passport revocation does not account for [certain credits and payments]." *Id.* at 6–7.

Plaintiff alleges that the "DOR never sent Plaintiff a pre-certification notice" as required by 42 U.S.C. § 645(31)(a). *Id.* at 7. Plaintiff states that he "received notice that his passport had been revoked on approximately July 1, 2026 – the day after [the revocation occurred]." *Id.* He contends that "[t]here was no opportunity to contest before revocation." *Id.* Plaintiff contacted defendant Kitterick who advised that on October 31, 2025, the DOR sent an Annual Delinquency Notice." *Id.* at 8. Although the notice lists "passport denial as one of eight possible enforcement consequences" the notice "does not state that certification is imminent." *Id.* In addition, Plaintiff alleges that he never received the notice because it was mailed to Plaintiff's former address in New York, despite Plaintiff previously providing DOR with his new address in Thailand. *Id.*

Plaintiff alleges that on July 9, 2026, defendant Kitterick's email stated that his passport will not be released "until [Plaintiff] pay[s] down the arrears balance below the $2,500.00 threshold." *Id.* at 10. Plaintiff further alleges that defendant Kitterick's subsequent responses failed to address a myriad of issues and failed to "escalate to the DOR Legal Division as requested." *Id.* at 10. Finally, Plaintiff alleges that defendant Kitterick failed to respond to Plaintiff's "second detailed written response [and neither did any DOR official]." *Id.*

For relief, Plaintiff seeks to have this Court:

1. Enter a Temporary Restraining Order and Preliminary Injunction directing Defendants to immediately withdraw the passport certification submitted to the Office of Child Support Enforcement, pending resolution of this action;

2. Enter a Permanent Injunction directing Defendants to: (a) withdraw the passport certification; (b) conduct a complete case accounting applying all mandatory Rosenberg credits and all documented payments; and (c) hold any future certification in abeyance pending resolution of Massachusetts Appeals Court Docket No. 2026-P-0269;

3. Award compensatory damages against Defendant Kitterick in his individual capacity in an amount to be proven at trial;

4. Award punitive damages against Defendant Kitterick in his individual capacity in the amount of $500,000, for his reckless and callous indifference to Plaintiff's federally protected rights after actual notice of these violations alleged herein;

5. Award Plaintiff his costs of suit; and

6. Grant such other and further relief as this Court deems just and proper.

*Id.* at 19.

## III. <u>Standard of Review</u>

Because Plaintiff is proceeding *in forma pauperis*, the Court may conduct a preliminary review of his Complaint and dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Additionally, the Court may consider jurisdictional matters *sua sponte*. *See Riley v. Bondi*, 606 U.S. 259, 273 (2025) ("A federal court must always satisfy itself that it has jurisdiction."). The Court may consider whether the exercise of its jurisdiction is appropriate when a related state proceeding is pending. *See Guillemard-Ginoria v. Contreras-Gomez*, 585 F.3d 508, 517-18 (1st Cir. 2009).

In conducting this review, the Court liberally construes Plaintiff's Complaint because he is representing himself. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## IV. <u>Discussion</u>

Inasmuch as Plaintiff's child support proceedings are pending in the Norfolk Probate and Family Court and Massachusetts Appeals Court, this Court may not intervene in them. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances

suggesting bad faith, harassment, or irreparable injury that is both serious and immediate, *see Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 404 U.S. 37). Application of the *Younger* abstention doctrine has been extended to the following three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) ("*Sprint*"); *see Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192–93 (1st Cir. 2015) (outlining three-step approach in determining whether *Younger* abstention applies). Courts have held that pending state child support proceedings involve at least one of the circumstances mentioned in *Sprint* in which the *Younger* abstention doctrine should be applied. *See Francis v. Dep't of Soc. Servs.*, 2023 WL 5096145, at *4 (E.D.N.Y. Aug. 9, 2023) ("The merits of that appeal – challenging both the Family Court order and Francis's need to exhaust administrative remedies through [the Department of Social Services] – implicate New York's state interest in managing and enforcing child support payments.").

Moreover, none of the exceptions to the *Younger* doctrine are applicable here. *See Sirva*, 794 F.3d at 192 (noting exceptions to *Younger* when "state proceeding is brought . . . for the purpose of harassment, . . . if the state forum provides inadequate protection of federal rights, . . . [or] when a state statute is flagrantly and patently violative of express constitutional prohibitions" (citation modified)); *see also Esso Standard Oil Co. v. Lopez-Freytes*, 522 F.3d 136, 143 (1st Cir. 2008) (discussing "[e]xtraordinary circumstances" where abstention would be inappropriate).

Although Plaintiff complains of the rulings and/or inaction of the defendants, the Family and Probate Court and the Massachusetts Appeals Court, the Court will not intervene in those pending proceedings.

Finally, although many federal statutory rights are enforceable under Section 1983, *see Maine v. Thiboutot*, 448 U.S. 1, 4–8 (1980), Plaintiff cannot enforce Title IV-D's requirement that Massachusetts operate its child support program in compliance with Title IV-D because the statute does not give rise to a private right of action, *see Blessing v. Freestone*, 520 U.S. 329 at 346–49 (1997) (holding that plaintiffs could not, through a Section 1983 action, seek a declaratory judgment that Arizona's IV-D program violated the substantial compliance requirements under Title IV–D, including that state agency failed to take adequate steps to obtain their child support payments, because in that context Title IV-D "contains no private remedy").

## V. Conclusion

In accordance with the foregoing, the Court hereby orders:

1) The motion for leave to proceed *in forma pauperis*, Dkt. 2, is GRANTED.

2) This action is DISMISSED based on principles of abstention.

3) The motion for temporary restraining order, Dkt. 3, is DENIED as moot. The Clerk shall enter a separate order of dismissal.

**So Ordered.**

/s/ ***Brian E. Murphy***
Brian E. Murphy
Judge, United States District Court

DATED: October 8, 2026