**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **THEODORE I. WEITZ,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MASSACHUSETTS DEPARTMENT OF REVENUE, et al.,**<br><br>**Defendants.** | **Civil Action No.**<br>**26-14518-BEM** |

**ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. 8)**

**MURPHY, J.**

Theodore I. Weitz initiated this action by filing a complaint pursuant to 42 U.S.C. 1983 alleging violation of his right to due process based upon alleged arrears arising from a child support action in Norfolk Probate and Family Court. Dkt. 1. On October 8, 2026, upon preliminary review of the complaint, the Court dismissed this action based on principles of abstention. Dkt. 5.

Plaintiff now asks the Court to alter or amend the judgment in this matter pursuant to Rule 59(e) of the Federal Rules of Civil Procedure so that Count IV of the complaint can be reinstated. Dkt. No. 8. Plaintiff states that because he sues defendant Kitterick in his individual capacity only, dismissal is not the proper means of abstention pursuant to *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). *Id.*

Under Rule 59(e), a party may file a motion to alter or amend judgment within twenty-eight days after entry of judgment. Fed. R. Civ. P. 58(e). Rule 59(e) motions are intended to provide relief where the "judgment evidence[s] a manifest error of law." *Biltcliffe v. CitiMortgage, Inc.*,

772 F.3d 925, 930 (1st Cir. 2014) (quoting *Glob. Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir. 2007)).

The Court is persuaded by Plaintiff's argument concerning his claim for damages against defendant Kitterick in his individual capacity. Although a federal court may abstain from hearing a damages action until a related state court proceeding has concluded, *see Quackenbush*, 517 U.S. at 716, when abstaining from hearing a damages action on *Younger* grounds, the Court must enter a stay rather than dismiss pending the resolution of the state court proceeding, *see Deakins v. Monaghan*, 484 U.S. 193, 201–02 (1988) (upholding the dismissal of equitable claims but finding a district court must stay claims for monetary relief which cannot be redressed in the ongoing state proceeding).

Accordingly, Plaintiff's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) is GRANTED IN PART as to the dismissal of Count IV pursuant to the *Younger* abstention doctrine and DENIED IN PART in all other respects. The portion of the Court's Order, Dkt. 5, dismissing the individual capacity claim for damages against defendant Kitterick pursuant to 42 U.S.C. § 1983 is VACATED, and the claim is STAYED pending resolution of the underlying state court proceedings. Plaintiff is directed to file a letter with a status update on or before December 22, 2026. If the state court matter is resolved at that time, Plaintiff shall indicate whether he seeks to lift the stay in this case. Failure to file a status letter update may lead to the dismissal of this case.

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court

DATED: October 21, 2026